**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

BLUE CHIP MACHINING, INC.,

               Plaintiff,

         v.

SCOTT MEMMER,

               Defendant.

Case No. CV 25-03167-RGK (ASx)

**CERTIFICATION AND ORDER**

**TO SHOW CAUSE RE CONTEMPT**

IT IS ORDERED that Defendant Scott Memmer, an individual who has failed to comply with Court Orders, shall appear on August 3, 2026 at 9:00 a.m. in Courtroom 850 on the Eighth Floor at the Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California, 90012, before the Honorable R. Gary Klausner, United States District Judge, and then and there shall show cause, if any, why Scott Memmer should not be adjudged in contempt based upon the facts this Court has certified.

If Scott Memmer objects to being held in contempt, he may file objections no later than July 13, 2026, and Plaintiff may file a response or memorandum supporting contempt no later than July 20, 2026.

Certification of Facts

In accordance with 28 U.S.C. section 636(e), the Magistrate Judge certifies the following facts:[1]

1) On January 29, 2026, the Court granted the motion, filed by Plaintiff Blue Chip Machining, Inc. ("Plaintiff"), to compel responses to Interrogatories and Requests for Production of Documents and Sanctions. (Dkt. No. 73). The Court ordered Defendant Scott Memmer to (1) provide further supplemental responses -without objection- to all outstanding Requests for Production and Interrogatories no later than February 6, 2026; (2) attach a declaration, under penalty of perjury, confirming that all responsive documents in his possession, custody, or control have been produced and, if applicable, that he is not

---

[1] The question of whether Scott Memmer should be held in contempt on these certified facts, and the question of the appropriate sanctions to be imposed, if any, are commended to the District Judge for his consideration. See 28 U.S.C. § 636(e); see also Bingman v. Ward, 100 F.3d 653, 658 (9th Cir. 1996); Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 903-908 (3rd Cir. 1992). The limited contempt powers granted to Magistrate Judges in the "Federal Courts Improvement Act of 2000" do not extend to the circumstances presented in the instant case. See 28 U.S.C. § 636(e).

in possession, custody, or control of responsive documents; and (3)  produce a privilege log, no later than August 6, 2026, listing documents that are being withheld based on assertions of the attorney-client privilege or work product. (Dkt. No. 73 at 6).

2) The Court's January 29, 2026 Order granted in part Plaintiff's request for attorneys' fees incurred in making the motion to compel, ordered the parties to meet and confer regarding the reasonable amount of fees incurred by Plaintiff in drafting the joint stipulation, converting the joint stipulation to a motion to compel and drafting the Reply, and if an agreement was not reached, directed counsel for Plaintiff to file a declaration, no later than February 17, 2026, summarizing the fees incurred. (Dkt. No. 73 at 7).

3) On February 17, 2026, Plaintiff filed the Declaration of Colin Fraser in support of the Court's Order awarding attorneys' fees to Plaintiff, with supporting exhibits A-C. (Dkt. No. 87). Mr. Frazer confirms that Plaintiff incurred $17,615 in attorneys' fees in drafting the joint stipulation regarding Plaintiff's motion to compel, converting the joint stipulation to a motion to compel, and drafting the reply in support of the motion to compel. (Dkt. No. 87, Declaration of Colin Fraser ¶¶ 4, 7-9, Exhibits A-C).

4) On February 20, 2026, the Court ordered Defendant Scott Memmer to pay $17,615 in attorney's fees to Plaintiff's counsel no

later than thirty (30) days from the date of the Order. (Dkt. No. 92).

5) On March 12, 2026, Plaintiff filed an amended motion for sanctions and contempt, accompanied by the declaration of Plaintiff's counsel, Colin Fraser, and Exhibits A-D. (Dkt. No. 100). Plaintiff avers that Scott Memmer failed to comply with the Court's January 29, 2026 Order granting Plaintiff's motion to compel. (Dkt. No. 100 at 8). Defendant Scott Memmer served supplemental interrogatory responses that were not signed or verified, and supplemental responses to Requests for Production that were unlabeled and unorganized, and Defendant failed to provide the required declaration certifying that all responsive documents had been produced and failed to produce any privilege log identifying documents that were withheld on privilege grounds. (Dkt. No. 100 at 10-12; Declaration of Colin Fraser ¶¶ 10-11; Exhibits A and B). Scott Memmer's responses to Interrogatory Nos. 8, 9, 12 and 13 failed to identify resellers, specific marketing channels, or identify which documents, if any, were produced containing this information. (Id.). On February 24, 2026, Scott Memmer produced supplemental interrogatory responses that were the same as the responses previously produced on February 6, 2026, with the addition of an electronic signature. (Dkt. No. 100 at 11; Declaration of Colin Fraser ¶ 15; Exhibit D).

6) Defendant Scott Memmer did not file an opposition or other response to Plaintiff's motion for sanctions and contempt.

7) A hearing on Plaintiff's motion for sanctions and contempt was held by video teleconference on April 14, 2026. (Dkt. No. 124). Plaintiff was represented by Colin Fraser and Jacob Horton. Defendant Scott Memmer appeared *pro se.* Mr. Fraser requested an order imposing sanctions for civil contempt on Defendant Scott Memmer for his disobedience to a specific and definite court order, specifically, the Court's January 29, 2026 Order directing Defendant to serve supplemental responses with a sworn declaration and privilege log. (*See also* Dkt. No. 100 at 18-20). Mr. Frazer confirmed that Defendant had also not complied with the Court's Order, issued on February 20, 2026, directing Defendant to pay $17,615 in attorneys' fees, which were due on or before March 20, 2026. Mr. Fraser argued that the Court's Orders, dated January 29, 2026, and February 20, 2026, were clear and unambiguous, Defendant defied both orders and his failures to comply are not the result of any good faith interpretation or reasonable disagreement about the scope of the Orders, noting that Defendant had not filed any response to the motion to explain what steps he had taken to comply. Mr. Fraser requested a contempt sanction of $1000.00 for each day that Defendant failed to comply.

//

//

//

5

8) Defendant declined to address the Court regarding Plaintiff's motion for contempt and sanctions and confirmed that he had not filed an opposition to the motion.

Dated: July 1, 2026.

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

6