Colin W. Fraser (SBN CA 266867)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Tel: 949.732.6500 Fax: 949.732.6501
frasercw@gtlaw.com

Bethany Rabe (SBN CA 270682)
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Tel: 702.792.3773 Fax: 702.792.9002
rabeb@gtlaw.com

Jacob G. Horton (*Pro Hac Vice*)
BLANCHARD HORTON, PLLC
40 New York Avenue
Post Office Box 567
Oak Ridge, Tennessee 37831
Tel: 865.369.2673
jhorton@blanchard-patent.com

Attorneys for Plaintiff
BLUE CHIP MACHINING, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE CHIP MACHINING, INC., a Tennessee Corporation, | CASE NO. 2:25-cv-03167-RGK (ASx) |
| Plaintiff, | Assigned to Hon. R. Gary Klausner<br>Mag. Judge: Alka Sagar |
| v. | **JOINT STATUS REPORT** |
| SCOTT MEMMER d/b/a CHARMED LIFE PICKS, a California Individual and Sole Proprietorship, | Complaint Filed: April 10, 2025 |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

Pursuant to this Court's order of June 12, 2026 (ECF No. 127), Plaintiff Blue Chip Machining, Inc. and Defendant Scott Memmer (the "Parties") hereby submit their joint status report regarding the accounting ordered by this Court.

On April 9, 2026, this Court ordered Mr. Memmer to serve upon Plaintiff's counsel an accounting within 30 days. On June 5, 2026, this Court ordered the Parties to "jointly submit a status report on whether or not the accounting has been served," which was due to be filed by noon on June 9, 2026.

The Parties timely submitted the joint status report on June 8, 2026. ECF No. 126. Plaintiff took the position that Defendant had submitted a deficient accounting that did not comply with the Court's April 9, 2026 order. Plaintiff further stated that it would file its motion for damages within seven days of the submission of the joint status report. *Id*. Defendant took the position that the accounting complied with the Court's order, that any dispute regarding the sufficiency of the accounting should be addressed through meet-and-confer efforts or motion practice, and that Defendant did not agree with the characterization of noncompliance.

On June 12, 2026, this Court ordered the parties to submit an updated status report concerning the accounting by July 13, 2026.

Since the prior Joint Status Report, no revised accounting or supporting materials have been served. On June 8, 2026, Plaintiff sent Defendants a written request for any and all documents supporting the accounting. However, Defendants have not provided materials in response. The Parties continue to disagree regarding the sufficiency of the accounting and the extent of additional supporting documentation required. Plaintiff's position is that Defendants have not complied with the Court's April 9, 2026 order. Defendants maintain that the accounting served under oath on May 11, 2026 constituted a good-faith response to the Court's April 9, 2026 Order and included available revenue information, product-level data, costs and expenses, record limitations, and categories of supporting business records. Defendant Memmer is continuing to organize available WIX records, tax records, sales information, expense documentation, and related business records and may provide targeted supplementation as appropriate.

Plaintiff filed its motion for damages on June 15, 2026. See ECF No. 128. The Court struck that motion for failure to meet and confer pursuant to Local Rule 7-3. See ECF No.

129. Plaintiff thereafter re-filed its motion following a meet-and-confer with Defendant. See ECF No. 130. That motion remains pending.

DATED:  July 13, 2026                    GREENBERG TRAURIG, LLP

                                         By */s/ Colin W. Fraser*
                                         Colin W. Fraser
                                         Bethany Rabe

                                         Attorneys for Plaintiff
                                         BLUE CHIP MACHINING, INC.

DATED:  July 13, 2026


                                         By _Scott Memmer_
                                         Scott Memmer, pro se Defendant