Scott Memmer, Pro Se

charmedlifepicks@gmail.com

10250 Eldora Ave.

Sunland, CA 91040

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BLUE CHIP MACHINING, INC.,** a Tennessee Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SCOTT MEMMER d/b/a CHARMED LIFE PICKS,** a California Individual and Sole Proprietorship, and **CHARMED LIFE GUITAR PICKS & ACCESSORIES, INC.**, a California Corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | **Case No.** 2:25-cv-03167-RGK (ASx)<br><br>**DEFENDANT SCOTT MEMMER'S OBJECTIONS TO CERTIFICATION OF FACTS AND RESPONSE TO ORDER TO SHOW CAUSE RE CONTEMPT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SCOTT MEMMER**<br><br>Hearing Date: August 3, 2026<br>Time: 9:00 a.m.<br>Courtroom: 850<br>Judge: Hon. R. Gary Klausner |

1

OBJECTIONS RE CONTEMPT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Scott Memmer respectfully objects to an adjudication of contempt on the present certified record and responds to the July 1, 2026 Certification and Order to Show Cause Re Contempt (Dkt. 133). Defendant recognizes the seriousness of the Court's January 29 and February 20, 2026 Orders. He does not ask the Court to disregard those Orders, relitigate the underlying discovery ruling, or excuse noncompliance merely because he proceeded without counsel.

Defendant offers the Court a sincere and unqualified apology for failing to satisfy every requirement of the January 29 Order, for failing to address the February 20 fee award in a timely manner, for not filing a written opposition to Plaintiff's amended contempt motion, and for declining to address that motion at the April 14 hearing. Those decisions were mistakes. Defendant understands that self-representation does not relieve him of the obligation to follow Court orders and federal procedure.

The certified record, however, does not show a complete refusal to participate in discovery. Defendant served substantive supplemental interrogatory responses and supplemental responses to requests for production on February 6 and 7, 2026, and later served a version bearing his electronic signature on February 24, 2026. Those efforts did not fully satisfy the Court's requirements: the responses were not verified under oath; the required production-completeness declaration was not served; the production was not adequately indexed or organized; and no privilege log or sworn no-withholding statement was provided. Defendant acknowledges those deficiencies and is prepared to cure them promptly.

Civil contempt is remedial. The Court's authority and the purpose of civil contempt are best served by a remedy that produces verifiable compliance, not by punitive escalation disconnected from

2

OBJECTIONS RE CONTEMPT

a defined purge condition or Defendant's ability to comply. Defendant therefore requests that the Court hear the evidence, defer or decline a final contempt adjudication while he completes a short and specific cure process, reject Plaintiff's requested retroactive $1,000-per-day sanction, and permit a sworn financial showing and feasible compliance plan concerning the separate $17,615 fee award.

## II. RELEVANT PROCEDURAL BACKGROUND

On January 29, 2026, the Magistrate Judge ordered Defendant to serve further supplemental responses without objection by February 6, 2026; attach a declaration under penalty of perjury confirming production of all responsive documents in his possession, custody, or control; and, to the extent records were withheld on privilege or work-product grounds, produce a privilege log. The Court also granted in part Plaintiff's request for attorneys' fees incurred in connection with the motion to compel.

Defendant served supplemental interrogatory responses on February 6, 2026 and supplemental requests-for-production responses shortly after midnight on February 7, 2026. Plaintiff's declaration and exhibits document those submissions. On February 24, 2026, Defendant served a later interrogatory-response document bearing his electronic signature. Plaintiff contends that the responses remained deficient because they were not verified, the document production was not adequately organized, the certification declaration was missing, and no privilege log was served.

On February 20, 2026, the Court separately ordered Defendant to pay $17,615 in attorneys' fees within thirty days. The amount remains unpaid. Defendant does not seek to vacate or collaterally attack that order through these objections. He acknowledges that he should have addressed the award or sought relief before the deadline expired, and he requests an opportunity to submit sworn financial information and a feasible payment proposal for the District Judge's consideration.

3

OBJECTIONS RE CONTEMPT

Plaintiff filed its amended motion for sanctions and contempt on March 12, 2026. Defendant did not file a written opposition and, at the April 14 hearing, declined to address the motion. On July 1, 2026, the Magistrate Judge denied terminating and issue/evidentiary sanctions as moot, certified facts for consideration by the District Judge, and granted Plaintiff's request for reasonable fees incurred in preparing the contempt motion, with the amount to be addressed through meet-and-confer procedures. (Dkts. 132, 133.) Dkt. 133 permits objections by July 13, 2026 and directs Defendant to appear on August 3, 2026 at 9:00 a.m. to show cause why he should not be adjudged in contempt.

### III. GOVERNING STANDARD

When a magistrate judge certifies facts under 28 U.S.C. § 636(e)(6)(B)(iii), the District Judge must hear the evidence concerning the allegedly contemptuous conduct and determine whether contempt and any sanction are warranted. The certification initiates that determination; it is not itself a final adjudication of contempt. See Bingman v. Ward, 100 F.3d 653, 657-58 (9th Cir. 1996).

The party seeking civil contempt must establish by clear and convincing evidence that the alleged contemnor violated a specific and definite court order beyond substantial compliance and did not take all reasonable steps within his power to comply. In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993); Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982). Willfulness is not an element of civil contempt, and pro se status does not excuse disobedience. Defendant therefore offers his lack of legal training, partial efforts, apology, and present willingness to cure principally as relevant context for remedy, proportionality, and the opportunity to comply, not as an automatic defense.

Civil-contempt sanctions must be coercive or compensatory rather than punitive. General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986). A coercive sanction must provide a meaningful opportunity to purge the contempt through compliance, while a compensatory sanction

4

OBJECTIONS RE CONTEMPT

must be tied to proven loss. Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827-29 (1994). Present inability to comply may be relevant, but Defendant bears the burden of producing evidence sufficient to support that defense. United States v. Rylander, 460 U.S. 752, 757 (1983).

## IV. SPECIFIC OBJECTIONS TO THE CERTIFIED RECORD

**A. The Certified Facts Are a Record for the District Judge's Evidentiary Determination, Not a Final Finding of Contempt**

The Certification expressly recognizes that both the contempt determination and the appropriate sanction, if any, are committed to the District Judge. (Dkt. 133 at 2 n.1.) Defendant respectfully requests that the Court examine the operative orders, the actual discovery responses and productions, the parties' declarations, and the evidence presented before or at the August 3 hearing rather than treating counsel's characterizations or Defendant's prior silence as conclusive findings.

**B. Certified Fact No. 1 Contains an Apparent Privilege-Log Date Error and Should Be Clarified**

Certified Fact No. 1 states that the privilege log was due "August 6, 2026," while the cited January 29 Order required any applicable privilege log by February 6, 2026. (Compare Dkt. 133 at 3 with Dkt. 73 at 6 and Dkt. 100-1 ¶ 9.) Defendant does not rely on this apparent clerical error to avoid the actual deadline. He requests that the Court evaluate the alleged violation by reference to the operative January 29 Order and clarify the certified record accordingly.

**C. The Privilege-Log Requirement Was Conditional, and the Existing Record Does Not Identify a Particular Withheld Document**

The January 29 Order required a privilege log "[t]o the extent Defendant withholds any records" based on attorney-client privilege or work product. (Dkt. 73 at 6; Dkt. 100-1 ¶ 9.) The absence of a log remains a procedural deficiency because Defendant did not provide a sworn statement addressing

5

whether any responsive material had been withheld. But the certified record does not identify a particular responsive document withheld on privilege grounds. The direct cure is to require Defendant promptly to serve either: (1) a compliant privilege log identifying each withheld document; or (2) a declaration under penalty of perjury confirming that no responsive document has been withheld on privilege or work-product grounds.

**D. The Record Shows Deficient Partial Compliance, Not Complete Nonproduction or Total Refusal**

Certified Fact No. 5 recounts Plaintiff's contention that Defendant's responses were deficient, but the underlying exhibits also establish that Defendant prepared and served substantive responses to the interrogatories and requests for production. (Dkt. 100-2; Dkt. 100-3; Dkt. 100-5.) The later electronic signature did not supply the required oath or cure the missing declaration, and several responses remained incomplete. Nevertheless, the distinction between incomplete compliance and total refusal matters when the Court selects a civil remedy designed to secure compliance. Defendant respectfully requests a short cure schedule rather than a remedy premised on the assumption that no effort was made.

**E. Defendant's Failure to Oppose and His Silence at the Hearing Were Serious Mistakes, but They Do Not Independently Establish Every Element or Remedy**

Certified Fact No. 7 summarizes Plaintiff's counsel's argument at the April 14 hearing, including a request for a $1,000-per-day sanction. (Dkt. 133 at 5.) Certified Fact No. 8 records that Defendant declined to address the Court and confirmed that he had not filed an opposition. (Id. at 6.) Defendant accepts responsibility for those mistakes and apologizes to the Court. But silence is not affirmative evidence proving the full scope of noncompliance, present ability to comply, amount of

OBJECTIONS RE CONTEMPT

compensatory loss, or necessity and amount of a coercive sanction. Those issues should be determined on evidence after Defendant is heard.

### V. A TARGETED CURE PROCESS IS THE MOST APPROPRIATE CIVIL REMEDY

**A. Defendant Should Receive a Short, Definite Opportunity to Cure the Discovery Defects**

Defendant is prepared to complete a focused cure under a schedule set by the Court. He respectfully proposes that, within fourteen days after the August 3 hearing—or within any shorter period the Court finds reasonable—he be required to complete the following:

1. serve verified supplemental interrogatory responses addressing the remaining deficiencies identified in Dkt. 100 and the January 29 Order;

2. serve amended responses to the requests for production that identify responsive documents by Bates range, file name, production folder, or another practical index;

3. serve a declaration under penalty of perjury confirming that all responsive documents within his possession, custody, or control have been produced and identifying any responsive categories not within his possession, custody, or control;

4. serve either a privilege log compliant with the January 29 Order or a sworn statement confirming that no responsive documents are being withheld on attorney-client privilege or work-product grounds; and

5. participate in a written meet and confer concerning any specific remaining deficiency before either side seeks further relief.

This procedure would directly obtain the compliance sought by the underlying discovery order, create an objective record, and reduce the risk of further disputes. If Defendant fails to comply with the new schedule, the Court would retain authority to consider an appropriately tailored prospective remedy.

OBJECTIONS RE CONTEMPT

**B. Plaintiff's Requested $1,000-Per-Day Sanction Should Not Be Imposed on the Present Record**

Plaintiff requested $1,000 for each day of noncompliance. (Dkt. 133 at 5.) The Certification does not identify evidence concerning Defendant's present resources, the amount reasonably necessary to coerce compliance, a defined prospective purge condition, or compensatory losses measured at that daily rate. A retroactive daily assessment untethered to a prior purge condition would function punitively rather than as a tailored civil remedy. If the Court determines that a coercive sanction is necessary, Defendant respectfully requests that it operate prospectively only after a clear cure deadline, be proportionate to demonstrated ability to pay, and terminate immediately upon compliance.

**C. The Unpaid $17,615 Award Should Be Addressed Through Sworn Financial Evidence and a Feasible Compliance Plan**

Defendant acknowledges that the February 20 fee award remains unpaid and that he should have addressed payment or sought relief before the deadline expired. He does not ask the Court to accept unsupported assertions of hardship. Defendant is retired and operates a small, owner-managed business with limited resources. He respectfully requests leave to submit a detailed sworn financial declaration, with appropriate supporting records concerning income, assets, liabilities, liquid resources, and ability to pay, together with a concrete payment proposal. These facts do not erase the order; they are relevant to whether nonpayment reflects present inability rather than contemptuous refusal and to fashioning a realistic, enforceable path to compliance.

Defendant is prepared to meet and confer in good faith regarding payment. He respectfully requests that the Court consider a reasonable installment schedule or other compliance structure after reviewing the financial evidence, rather than imposing additional daily penalties that could make compliance less attainable.

8

OBJECTIONS RE CONTEMPT

**D. Additional Fees for Preparing the Contempt Motion Should Remain Within the Separate Procedure Ordered in Dkt. 132**

The Magistrate Judge has established a separate procedure for determining reasonable fees incurred in preparing the contempt motion: meet and confer, followed—if necessary, by a supported fee declaration due July 21, 2026. (Dkt. 132 at 2.) Defendant is participating in that process and reserves objections concerning necessity, duplication, vague or block-billed entries, clerical work, rates, excessive time, overlap with other filings, and the amount reasonably attributable to the contempt motion. Those additional fees should not be assumed or incorporated into a contempt remedy before the ordered process is completed.

**E. The Remaining Contempt Proceeding Should Be Confined to Compliance With the January 29 and February 20 Orders**

The Magistrate Judge denied terminating sanctions and issue/evidentiary sanctions as moot in light of the April 9 summary-judgment order. (Dkt. 132 at 1.) The remaining proceeding should therefore remain focused on compliance with the discovery requirements and the existing fee order. It should not become a vehicle for additional merits findings, an exceptional-case determination, enhanced trademark remedies, or broader fee-shifting. Those separate issues are presented, if at all, in Plaintiff's motion for entry of judgment and should be resolved under their own standards and briefing.

## VI. PRO SE STATUS, APOLOGY, AND GOOD-FAITH CORRECTIVE EFFORTS ARE RELEVANT TO REMEDY, NOT A REQUEST FOR EXEMPTION

Defendant understands that self-representation does not excuse compliance with Court orders. He does not ask for a different substantive rule. He asks the Court to consider that he attempted to prepare and serve discovery responses without counsel, failed to understand or complete the separate verification, certification, privilege-log, and organization requirements, failed to respond properly

9

when Plaintiff sought contempt, and is now prepared to cure each identified defect under a concrete schedule.

Defendant's apology is not offered as a substitute for compliance. It is accompanied by a specific proposal to verify the responses, organize the production, provide the required sworn declarations, address any privilege issue, present complete financial evidence, and establish an enforceable payment path. These circumstances support a compliance-focused remedy rather than a retroactive daily fine or other relief that would operate as punishment.

Defendant respectfully apologizes for the time and resources consumed by these deficiencies and for failing to present his position when the matter was previously heard. He understands that the Court must be able to rely on parties to follow its orders. A precise cure order, sworn submissions, and a realistic payment process will preserve that authority while directly addressing the conduct identified in the Certification.

## VII. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. hear the evidence concerning the certified facts and permit Defendant to present relevant declarations and records before or at the August 3, 2026 hearing;

2. clarify the apparent privilege-log date error in Certified Fact No. 1 by reference to the operative January 29, 2026 Order;

3. decline or defer a final contempt adjudication while Defendant completes a short, definite corrective-compliance process;

4. order Defendant to serve verified supplemental responses, an organized document index, the required production-completeness declaration, and either a privilege log or a sworn no-withholding statement;

10

OBJECTIONS RE CONTEMPT

5. decline Plaintiff's requested $1,000-per-day sanction and any punitive or retroactive daily assessment;

6. permit Defendant to submit sworn financial evidence and a feasible proposal addressing the unpaid $17,615 award;

7. leave the amount of additional contempt-motion fees to the separate procedure established in Dkt. 132;

8. confine the contempt proceeding to compliance with the January 29 and February 20 Orders and avoid using it to decide separate trademark-remedies issues; and

9. grant such other limited and equitable relief as the Court finds necessary to secure compliance.


Dated: July 13, 2026


_____

/s/ Scott Memmer
Scott Memmer

OBJECTIONS RE CONTEMPT

**DECLARATION OF SCOTT MEMMER**

I, Scott Memmer, declare as follows:

1.  I am Defendant Scott Memmer. I appear pro se and submit this declaration from personal knowledge in support of my objections and response to the Certification and Order to Show Cause Re Contempt.

2.  I am not an attorney. I understand that my pro se status does not excuse compliance with Court orders or federal procedure.

3.  I served supplemental interrogatory responses on or about February 6, 2026 and supplemental responses to requests for production on or about February 7, 2026. I later served a version of the interrogatory responses bearing my electronic signature on or about February 24, 2026.

4.  I now understand that those submissions did not fully comply with the January 29, 2026 Order because the interrogatory responses were not verified under oath, I did not provide the required declaration concerning completeness of production, I did not adequately organize or index the document production, and I did not provide either a privilege log or a sworn statement confirming that no responsive documents had been withheld on privilege grounds.

5.  I did not file a written opposition to Plaintiff's amended motion for sanctions and contempt. At the April 14, 2026 hearing, I declined to address the motion. I recognize that those decisions were mistakes, and I sincerely apologize to the Court.

6.  I did not intend to disregard the Court's authority. My efforts were incomplete and procedurally deficient, but I did attempt to prepare and serve substantive responses without counsel.

12

OBJECTIONS RE CONTEMPT

7. To the best of my current knowledge, I have not intentionally withheld responsive documents. If responsive documents remain within my possession, custody, or control, I am prepared to produce them. If a responsive category is not within my possession, custody, or control, I am prepared to identify that fact under oath.

8. I am prepared to complete verified supplemental responses, organize and identify responsive documents, provide the required production-completeness declaration, and provide either a compliant privilege log or a sworn no-withholding statement under a deadline established by the Court.

9. I am retired and operate a small, owner-managed business. I have limited resources available to satisfy sudden litigation obligations. I understand that these circumstances do not eliminate my obligation to comply, and I am prepared to provide a detailed sworn financial declaration and supporting records concerning my current ability to pay.

10. The $17,615 award entered on February 20, 2026 remains unpaid. I should have addressed payment or sought relief before the deadline expired. I respectfully request permission to submit current financial evidence and a concrete, feasible payment proposal for the Court's consideration.

11. I am willing to meet and confer in good faith regarding the existing award and any additional fee request related to the contempt motion, while preserving my right to challenge the reasonableness of any new amount sought.

12. I respectfully request an opportunity to cure the discovery defects and comply through a clear, prospective schedule rather than the imposition of a retroactive $1,000-per-day sanction.

13

OBJECTIONS RE CONTEMPT

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 13, 2026, at Sunland, California.


_____
/s/ Scott Memmer
Scott Memmer

14

OBJECTIONS RE CONTEMPT