Colin W. Fraser (SBN CA 266867)
frasercw@gtlaw.com
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Tel: 949.732.6500

Bethany Rabe (SBN CA 270682)
rabeb@gtlaw.com
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Tel: 702.792.3773

Jacob G. Horton (*Pro Hac Vice*)
jhorton@blanchard-patent.com
BLANCHARD HORTON, PLLC
40 New York Avenue
Post Office Box 567
Oak Ridge, Tennessee 37831
Tel: 865.369.2673

Attorneys for Plaintiff
BLUE CHIP MACHINING, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE CHIP MACHINING, INC., a Tennessee Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>SCOTT MEMMER d/b/a CHARMED LIFE PICKS, a California Individual and Sole Proprietorship,<br><br>        Defendants.<br><br>——————————————<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:25-cv-03167-RGK (ASx)<br><br>Assigned to Hon. R. Gary Klausner<br>Mag. Judge: Alka Sagar<br><br>**PLAINTIFF BLUE CHIP MACHINING, INC.'S REPLY AND MEMORANDUM IN SUPPORT OF FINDING OF CONTEMPT AGAINST DEFENDANT SCOTT MEMMER**<br><br>Hearing Date: August 3, 2026<br>Time: 9:00 a.m.<br>Crt. Rm: 850 |

PLAINTIFF BLUE CHIP MACHINING, INC.'S REPLY AND MEMORANDUM
IN SUPPORT OF FINDING OF CONTEMPT AGAINST DEFENDANT SCOTT MEMMER

## I.   **INTRODUCTION**

Plaintiff Blue Chip Machining, Inc. ("Blue Chip" or "Plaintiff"), submits this Reply to the Objections to Certification of Facts and Response to the Court's Order To Show Cause re: Contempt (ECF No. 135) submitted by Defendant Scott Memmer ("Mr. Memmer" or "Defendant") to advocate in favor of the Court finding Defendants in contempt and awarding sanctions. On July 1, 2026, this Court entered its Order Granting Plaintiff's Motion for Contempt and Sanctions (ECF No. 132) and a Certification and Order To Show Cause re: Contempt, setting a show-cause hearing date of August 3, 2026 and requesting that Mr. Memmer show why he should not be held in contempt (ECF No. 133). In its Order, the Court stated, "Plaintiff may file a response or memorandum supporting contempt no later than July 20, 2026." (ECF No. 133, p. 2).

## II.   **PLAINTIFF'S RESPONSE**

Mr. Memmer's objections confirm, rather than defeat, a finding of contempt by this Court. He admits that he (i) failed to comply with any element of this Court's order requiring him to verify his interrogatory responses, serve a required production-completeness declaration, organize and label his production, and provide a privilege log or sworn no-withholding statement, (ii) failed to pay the Court-ordered $17,615 fee award, (iii) failed to oppose the contempt motion, and (iv) declined to address the motion at the April 14, 2026 hearing. ECF No. 135, Defendant's Objections, pp. 2-4, 8-10; ECF No. 132, Order Granting Plaintiff's Motion for Contempt and Sanctions, pp. 1-2; ECF No. 73, Order Granting Plaintiff's Motion to Compel Discovery Responses; ECF No. 92, Order re: Payment of Attorney's Fees.  Those admissions establish disobedience of specific and definite orders of this Court well beyond any arguable "substantial compliance." *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982).

Nor does Mr. Memmer offer any meaningful explanation for that prolonged defiance. His objections do not identify any concrete steps that made his compliance impossible; they do not describe any particular obstacle that prevented his verification,

PLAINTIFF BLUE CHIP MACHINING, INC.'S REPLY AND MEMORANDUM
IN SUPPORT OF FINDING OF CONTEMPT AGAINST DEFENDANT SCOTT MEMMER

organization, declaration, logging, or payment; and they do not tie any asserted hardship to the months-long period of noncompliance at issue here. (ECF No. 135 at 8-9). Instead, after nearly a year of resisting discovery first served on August 22, 2025, and after Blue Chip already obtained summary judgment on liability, Mr. Memmer asks this Court to give him *still more time* to provide what he was ordered to provide *months ago*.

### A.    Defendant's Objections Do Not Defeat Contempt

The contempt record is straightforward. On January 29, 2026, this Court ordered Mr. Memmer to serve supplemental responses without objection; to organize and identify his produced documents to correspond to the requests; to provide a declaration under penalty of perjury confirming production of all responsive documents within his possession, custody, or control; and to serve any privilege log by February 6, 2026. ECF No. 73. On February 20, 2026, this Court separately ordered Mr. Memmer to pay $17,615 in attorneys' fees within 30 days thereof. ECF No. 92. The Court later granted Blue Chip's request for a certification of facts supporting civil contempt and issued an Order to Show Cause, while also granting Blue Chip its attorney's fees incurred in bringing the contempt motion. (ECF No. 132; ECF No. 133).

Mr. Memmer does not dispute that he violated those orders. On the contrary, his brief expressly acknowledges that his responses were not verified under oath, that the production-completeness declaration was not served, that the production was not adequately indexed or organized, that no privilege log or sworn no-withholding statement was provided, and that the $17,615 award remains unpaid. ECF No. 135 at 2-4, 8-9. These are not "peripheral" omissions; they are the *very acts* the Court ordered him to perform. (ECF No. 73 at 6-7; ECF No. 92 at 2). Under Ninth Circuit law, civil contempt turns on whether the contemnor disobeyed a specific and definite order and failed to take all reasonable steps within his power to comply, not on whether he can characterize his conduct as a "partial effort." *See Dual-Deck*, 10 F.3d at 695; *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). A party who admits noncompliance with each material command of the order cannot avoid contempt by rebranding wholesale

PLAINTIFF BLUE CHIP MACHINING, INC.'S REPLY AND MEMORANDUM
IN SUPPORT OF FINDING OF CONTEMPT AGAINST DEFENDANT SCOTT MEMMER

defiance of the Court as a "deficient partial compliance."

Defendant's invocation of a "cure" process only underscores the point: A litigant does not ask for fourteen more days to verify responses, organize production, serve a certification declaration, provide a privilege log, and submit financial proof unless he recognizes those things were *never properly done in the first place*. ECF No. 135 at 7-9. Mr. Memmer's proposal is therefore an admission that he withheld Court-ordered compliance all along.

### B.    Defendant Offers No Adequate Excuse

Mr. Memmer's objections also fail because they do not carry his burden to show that compliance was impossible or that he took every reasonable step within his power to comply. In his objections, Defendant cites the governing standard, including that present inability must be supported by evidence and that pro se status does not excuse disobedience. ECF No. 135 at 4-5 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983) and other authorities.) Yet, Mr. Memmer offers *no concrete facts or evidence* showing why he could not verify his discovery responses, identify Bates ranges, serve a one-page completeness declaration, state whether any documents were withheld, or move for timely relief from the order of attorney's fees. (ECF No. 135 at 4-10).

In his brief, Mr. Memmer gestures at financial hardship, stating only that he is "retired" and that he operates a small owner-managed business with limited resources. (ECF No. 135 at 4-10). But this vague assertion is unsupported by any actual financial details, and it says nothing about why he ignored the Court's February 20, 2026 payment order for *months* without paying *anything whatsoever*, and without seeking relief from the Court before the payment deadline expired. *Id.* Vague, unsupported hardship is not enough. The Supreme Court in *Rylander* placed the burden on the alleged contemnor to produce evidence supporting any inability defense, and Mr. Memmer has not done so here. *Rylander*, 460 U.S. at 757. On the present record, the Court is left entirely in the dark about what Mr. Memmer's alleged hardship is, when it arose, whether it was temporary or ongoing, what assets or income he had (or still has), or why partial payment

PLAINTIFF BLUE CHIP MACHINING, INC.'S REPLY AND MEMORANDUM
IN SUPPORT OF FINDING OF CONTEMPT AGAINST DEFENDANT SCOTT MEMMER

was (and still is) impossible.

The same is true of Mr. Memmer's discovery defaults. Defendant's brief identifies no medical emergency, no document destruction event, no technological failure, no third-party refusal, and no other circumstance that would explain why he repeatedly promised supplementation of his discovery responses, but never delivered it. (ECF No. 100-1, Declaration of Colin W. Fraser, ¶¶ 14-16; ECF No. 135 at 7-10). The record instead shows repeated delay: untimely responses in November 2025 necessitating that Plaintiff file a motion to compel, an order compelling compliance by February 6, further extensions through February 23 and 24, a contempt motion in March, a deficient accounting in May, and *still no supporting materials* by July 13, 2026. ECF No. 62, Plaintiff's Motion to Compel; ECF No. 73; ECF No. 100, Plaintiff's Amended Motion for Sanctions and Contempt; ECF No. 126, Joint Status Report, p. 2; ECF No. 134, Joint Status Report, pp. 2-3.

## C.    Pro Se Status Is No Defense.

Mr. Memmer claims that he is not seeking leniency merely because he chose to proceed in this lawsuit without counsel, and he acknowledges that self-representation does not relieve him of the duty to obey this Court's orders. ECF No. 135 at 2, 4, 9. But the relief he actually seeks is indulgence *precisely* because he is pro se: more time, a fresh cure schedule, an opportunity to submit the sworn materials he never served, and a delayed process for addressing the fee award despite having ignored the existing Order of the Court regarding payment. (ECF No. 135 at 7-10). Courts in this Circuit repeatedly reject pro se status as justification for discovery noncompliance. *See Ramirez v. Select Portfolio Servs., Inc.*, 2019 WL 4222450, at *3 (C.D. Cal. June 10, 2019); *Herrera v. City of Palmdale*, 2022 WL 17367187, at *2 (C.D. Cal. Aug. 3, 2022); *see also* (ECF No. 70 at 2-3). The Court should also reject it now.

This is especially so because the record shows that Mr. Memmer had *repeated notice* of what was required. Plaintiff's motion to compel, the Court's January 29, 2026 Order, Plaintiff's February 11, 2026 deficiency letter, the parties' February 17, 2026 meet-

and-confer, Plaintiff's contempt motion, and this Court's certification of facts and Order to Show Cause all spelled out the same missing items. ECF No. 62; ECF No. 73; ECF No. 100-1 ¶¶ 13-16; ECF No. 132; ECF No. 133; ECF No. 135. After that six-month-long sequence of filings, conferences, and hearings, Mr. Memmer's continued failure to comply *cannot plausibly* be attributed to confusion about procedure or this Court's requirements.

### D.     Late Production Would Reward Defendant's Bad Faith.

Mr. Memmer's proposal to produce the missing information now does not solve the prejudice he has caused in this case. Blue Chip served the relevant discovery on August 22, 2025. ECF No. 100-1 ¶ 3. Discovery closed on March 2, 2026, the Court granted summary judgment on April 9, 2026, and Blue Chip has already moved for final judgment and profits based on Mr. Memmer's failure to substantiate his costs or reasonable deductions to his gross profit. ECF No. 69, Order Granting Joint Stipulation to Modify Scheduling Order; ECF No. 122, Order Granting Plaintiff's Motion for Summary Judgment; ECF No. 130, Plaintiff's Motion for Judgment. As courts have long recognized, last-minute tender of documents does not cure the prejudice caused by prolonged discovery abuse or restore the lost opportunity to litigate on a fair record. *See North Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986); *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057-59 (9th Cir. 1998) ("What is most critical . . . is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'") (*internal citations omitted*). At this point, allowing Mr. Memmer to submit expense support and other withheld material would not restore orderly discovery. Rather, it would reward prolonged noncompliance and abuse of the discovery process after the merits of the case have already been decided.

That result would be especially improper as to expenses. Blue Chip's pending motion for judgment correctly notes that under 15 U.S.C. § 1117(a), Blue Chip is required to prove sales only, while Memmer bears the burden to prove all elements of cost or deduction claimed. ECF No. 130 at 13-16. On April 9, 2026, this Court ordered an

accounting of Mr. Memmer's profits and expenses with supporting documentation (ECF No. 122 at 12), but Memmer's May 11, 0226 accounting lacked any supporting documentation whatsoever, and it even omitted gross receipts for 2018 and 2025, all while repeatedly promising future supplementation that never came. ECF No. 126 at 2, Ex. A; ECF No. 130 at 11-16; ECF No. 134 at 2-3. Where a defendant fails to provide adequate evidence of costs, courts may award full gross revenue as profits. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993) (abrogated on other grounds); *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1132 (C.D. Cal. 2023); *Vital Pharms., Inc. v. PhD Mktg., Inc.*, 2022 WL 2952495, at *6 (C.D. Cal. July 26, 2022). Mr. Memmer failed to carry his burden when it mattered, and the Court should not reopen the record now to let him "try again" after judgment has effectively been won.

Defendant's own objections confirm that any such late submission would be newly assembled now – after this Court's contempt certification – rather than timely produced in discovery or in response to the Court's accounting order. ECF No. 135 at 7-10. That is not a "cure" the Court should facilitate. It is further evidence that Mr. Memmer knowingly, intentionally, and willfully chose to withhold compliance with the Court until sanctions became unavoidable.

### E.    Contempt Is An Appropriate Relief.

The Court should overrule the objections and adjudge Mr. Memmer in civil contempt. The record already shows violation of specific and definite orders, failure to take reasonable steps to comply, nonpayment of the February 20, 2026 Order to pay attorney's fees, and no competent showing of inability or other justification. (=ECF No. 73 at 6-7; ECF No. 92 at 2; ECF No. 132; ECF No. 135 at 2-10. Under *Dual-Deck* and *Vertex*, that is more than enough for a contempt finding. *See Dual-Deck*, 10 F.3d at 695; *Vertex*, 689 F.2d at 889. Mr. Memmer's admissions and his request for still more time only reinforce the conclusion.

The Court should also award Blue Chip the full relief that it requested and that the record now supports. First, Blue Chip should receive all attorneys' fees caused by

Mr. Memmer's misconduct, including the previously ordered $17,615 and the additional fees incurred in bringing the contempt motion, which the Court has already ruled are recoverable subject to the fee procedure in the Court's July 1, 2026 Order. ECF No. 92 at 2; ECF No. 132 at 2. Second, with regard to profits, the Court should deny any expense deductions because Mr. Memmer failed to substantiate them despite repeated opportunities and an express Order from the Court requiring supporting documentation. ECF No. 122 at 12, n. 5; ECF No. 126 at 2; ECF No. 130 at 13-16; ECF No. 134 at 2-3. Third, the Court should impose coercive monetary sanctions sufficient to address ongoing defiance, including the $1,000-per-day sanction Blue Chip requested, because lesser measures have already failed. ECF No. 100 at 20; ECF No. 132 at 1-2; ECF 133 at 5; ECF No. 135 at 8.

The broader record confirms that stronger sanctions are warranted. Mr. Memmer did not just "miss a deadline" once. He ignored the original discovery deadlines, forced a motion to compel, violated the Court's compliance order, ignored the Court's fee order, failed to oppose Plaintiff's contempt motion, declined to address any issues at the Court's hearing, served a deficient accounting after summary judgment, and then used his objections to ask for *yet another* chance. ECF No. 62; ECF No. 73; ECF No. 92; ECF No. 100; Dkt 122; ECF No. 126; ECF No. 132; ECF No. 133; ECF No. 135. That pattern demonstrates not only bad-faith delay, but *disrespect* for this Court's authority. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007); *Valley Eng'rs*, 158 F.3d at 1054-57; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-50 (1991). This is not an isolated procedural misstep.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that Memmer's objections should be overruled in full, Memmer should be held in contempt, Blue Chip should receive a full fee award, any claim to expense deductions should be rejected, and the Court should impose substantial coercive sanctions to end the continuing defiance of its orders.  Such action by this Court is respectfully requested.

PLAINTIFF BLUE CHIP MACHINING, INC.'S REPLY AND MEMORANDUM
IN SUPPORT OF FINDING OF CONTEMPT AGAINST DEFENDANT SCOTT MEMMER

DATED: July 20, 2026                    GREENBERG TRAURIG, LLP


By */s/  Colin W. Fraser*
Colin W. Fraser
Bethany Rabe

Attorneys for Plaintiff
BLUE CHIP MACHINING, INC.

PLAINTIFF BLUE CHIP MACHINING, INC.'S REPLY AND MEMORANDUM
IN SUPPORT OF FINDING OF CONTEMPT AGAINST DEFENDANT SCOTT MEMMER