## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03167-RGK-AS | Date | August 4, 2026 |
|---|---|---|---|
| Title | *Blue Chip Machining, Inc. v. Scott Memmer et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS) Order Re: Blue Chip Machining, Inc.'s Motion for Judgment [130]

### I.    INTRODUCTION

On January 16, 2026, Blue Chip Manufacturing, Inc. ("Plaintiff") filed the operative Second Amended Complaint ("SAC") against Scott Memmer, a pro se party, and Charmed Life Guitar Picks & Accessories, Inc. ("Charmed Life") (collectively, "Defendants"), through which Memmer does business. (ECF No. 64.) In the SAC, Plaintiff asserts four causes of action against Defendants: trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); unfair competition in violation of California Business & Professions Code § 1720; and unfair competition in violation of California common law.

In turn, Memmer filed Counterclaims against Plaintiff, Matthew Goins, and Allen Goins. (ECF No. 40.) Memmer asserts nine counterclaims, including patent-related declaratory judgment and invalidity claims (Counts 1–3); trademark cancellation and declaratory judgment claims (Counts 4–8); and a California Unfair Competition Law claim (Count 9).

On April 9, 2026, the Court granted Plaintiff's Motion for Summary Judgment as to all of its affirmative claims and Memmer's Counterclaims in favor of Plaintiff ("MSJ Order"). (ECF No. 122.) Further, the Court granted Plaintiff's requested relief for a permanent injunction and monetary damages in the form of Defendants' profits derived from selling the infringing guitar picks (collectively, the "Accused Products"). To determine monetary damages, the Court ordered Defendants to serve an accounting of profits upon Plaintiff's counsel.[1]

---

[1] Pursuant to the MSJ Order, Defendants were required to serve an accounting setting forth all gross revenues derived from the sale of the Accused Products; the time period covered by such sales; all costs and expenses that Defendants contend should be deducted from gross revenues in determining Defendants' products, with supporting documentation; and any other relevant information. (MSJ Order 11–12.)

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 7 |
|---|---|---|

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-03167-RGK-AS | | Date | August 4, 2026 |
|---|---|---|---|---|
| Title | *Blue Chip Machining, Inc. v. Scott Memmer et al* | | | |

Presently before the Court is Plaintiff's Motion for Judgment. (ECF No. 130.) The Court treats Plaintiff's Motion as a motion for partial summary judgment on the issue of damages. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.    FACTUAL BACKGROUND

Unless otherwise stated, the following facts are undisputed on the summary judgment record (*see* MSJ Order at 2–3):

Plaintiff manufactures and sells guitar picks made from a particular polyimide material, marketed to the public in multiple colors. Since at least March 17, 2008, Plaintiff has continuously used a brown color (the "Brown Mark") and a brown body with gold lettering (the "Brown-Gold Mark") for its polyimide guitar picks (collectively, the "Asserted Marks"). Plaintiff owns the trademarks for the Asserted Marks. Since 2008, Plaintiff has continuously used and marketed its picks, earning millions in gross sales.

In 2016, Memmer was aware of Plaintiff's brown polyimide guitar picks and began making "knockoff" versions of the brown polyimide guitar picks, posting on online forums that he was doing so. Defendants have manufactured, sold, offered for sale, and marketed the Accused Products online and throughout the United States. Defendants sell the Accused Products on their website, www.charmedlifepicks.com (hereinafter, the "Website"). The Accused Products are manufactured from the same polyimide material and contain brown coloration substantially similar to or the same as Plaintiff's Brown Mark. Some of the Accused Products also incorporate brown body coloration with contrasting lighter-colored lettering substantially similar to or the same as Plaintiff's Brown-Gold Mark. Defendants intended to manufacture guitar picks that were the same color as Plaintiff's guitar picks. The Accused Products are sold in the same trade channels as Plaintiff's products and are marketed to the same type of consumers: guitar players seeking high-quality, specialty guitar picks.

After discovering Defendants' manufacturing, sale, and marketing of the Accused Products, Plaintiff initiated this action. (*See* ECF No. 1.) Charmed Life has been in default since February 18, 2026. (ECF No. 89.) On April 9, 2026, the Court granted summary judgment in favor of Plaintiff as to all claims and counterclaims, and ordered Defendants serve upon Plaintiff an accounting to calculate damages. (MSJ Order.)

According to Plaintiff, although for a few weeks after the MSJ Order was issued Defendants listed their store as closed on their Website, on May 6, 2026, the Website was revised again to list the Accused Products as available for purchase. (*See* J. Horton Decl. ¶¶ 10–15, ECF No. 130-1; Ex. 3, ECF No. 130-1.) On May 11, 2026, Defendants served a statement of accounting without any supporting documentation and omitted gross receipts for two years at issue, 2018 and 2025. (Mot. at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03167-RGK-AS | Date | August 4, 2026 |
|---|---|---|---|
| Title | *Blue Chip Machining, Inc. v. Scott Memmer et al* | | |

### III.    JUDICIAL STANDARD

A court may grant summary judgment only where "there is no genuine issue as to any material fact and the [moving party] is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon such showing, the Court may grant summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a). To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party needs to show only that there is an absence of evidence to support the non-moving party's case. *Id.* at 326.

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). The non-moving party must affirmatively present specific, admissible evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

### IV.    DISCUSSION

As already determined in the MSJ Order, Plaintiff, as the prevailing party, is entitled to permanent injunctive relief and Defendants' profits derived from sales of the Accused Products. (MSJ Order 9–10.) In the current Motion, Plaintiff requests the Court enter final judgment, in which the permanent injunctive relief from the MSJ Order is incorporated and also includes (1) an award of Defendants' profits using the gross revenue figures from Defendants' own accounting statement; (2) a determination that this case is exceptional, and thus Plaintiff is entitled to attorneys' fees; and (3) further injunctive relief given Defendants' continued infringement. Defendants failed to file an opposition.

#### A.    Defendants' Profits

Pursuant to Section 1117(a), Plaintiff "shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). Thus, once Plaintiff establishes Defendants' gross revenue, the burden then shifts to Defendants to prove deductible costs and expenses to determine profit. *Frank Music Corp. v. MGM, Inc.*, 772 F.2d 505, 514 (9th Cir. 1985). Should Defendant fail to provide sufficient evidence of costs, the Court may award the gross revenue instead. *Id.*

In Defendant's Accounting Report, Defendants identify gross receipts for 2016–2026[2] from Defendants' Schedule C tax returns, amounting to $167,688. (*See* Defs.' Accounting Report at 6, Ex. A, Joint Status Report, ECF No. 126-1.) Defendants also identify the purported net profits for each year,

---

[2] Defendants' summary excludes receipts for 2018 and 2025, marking them as "unavailable."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03167-RGK-AS | | Date | August 4, 2026 |
|---|---|---|---|---|
| Title | *Blue Chip Machining, Inc. v. Scott Memmer et al* | | | |

accounting for alleged losses, but fail to provide any supporting documentation as the Court had ordered. (*See* MSJ Order at 12.) Additionally, Defendants identify the "Total Units" sold that supports these sales, and a subset number of "Polyimide Units" sold that Defendants maintain consists of the Accused Products. (Defs.' Accounting Report at 8–9.) However, again, Defendants fail to provide any supporting documentation.

Upon review of the Schedule C tax returns that Defendants produced during discovery, Plaintiff agrees with the gross receipts Defendants identified in the Accounting Report for years 2016–2025 and notes a similar omission of information for 2018 and 2025. To account for 2018 and 2025, Plaintiff argues that the Court should draw inferences against Defendants for the missing years by extrapolating their gross receipts "based on the averages and trendline values of adjacent years," amounting to a total of $227,530 in gross sales. (Mot. at 15.) Plaintiff argues that the fully documented and adversely inferred gross receipts in totality should be rewarded as profits because Defendants failed to comply with the Court's MSJ Order to provide documents for any deductions from gross revenues.

The Court agrees. "Any doubt as to the computation of costs or profits is to be resolved in favor of the plaintiff." *Frank Music Corp.*, 772 F.2d at 514. Here, not only did Defendants fail to provide any documentation to support deductions and their assertions as to the number of Accused Products sold in the Accounting Report, but they also failed to oppose the present Motion. *See* C.D. Cal. L.R. 7-12 (stating a failure to timely file any required paper may be deemed consent to the granting or denying of the motion). Accordingly, since Plaintiff has met its burden of establishing gross revenue and Defendants failed to provide evidence, or even an argument, to support any deductions or limitations, the Court agrees with Plaintiff that awarding $227,530 in gross sales is appropriate here.

Additionally, Plaintiff argues that an enhancement of the profit award is warranted due to Defendants' willful misconduct. The Lanham Act states that

> "[i]n assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty."

15 U.S.C. § 1117(a).

Plaintiff is correct that courts have applied enhancements in cases of willful infringement. (Mot. at 16 (citing *Binder v. Disability Grp., Inc.*, 772 F. Supp. 2d 1172, 1181–83 (C.D. Cal. 2011)).) However, such enhancement awards are contingent on a finding that the lost profits are *inadequate*. *See Binder*, 772 F. Supp. 2d at 1182–83 (awarding an enhancement in a willful infringement case where the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03167-RGK-AS | | Date | August 4, 2026 |
|---|---|---|---|---|
| Title | *Blue Chip Machining, Inc. v. Scott Memmer et al* | | | |

court found risk of potential harm from lingering misimpressions that were unlikely to be fully captured by the lost profits). Here, Plaintiff asserts facts supporting a finding that Defendants willfully infringed but fails to articulate an argument that the lost profits award is inadequate.[3] Accordingly, the Court declines to apply an enhancement as it is unclear how its application would constitute compensation rather than a penalty. *See* 15 U.S.C. § 1117(a).

In sum, the Court **GRANTS** Plaintiff's Motion, awarding Defendants' profits amounting to $227,530. However, the Court declines to apply an enhancement.

### B.    Exceptional Case

Section 1117(a) gives the Court discretion to award attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). Courts look to the totality of circumstances when deciding whether a case is exceptional. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180–81 (9th Cir. 2016) (per curium). An exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Id.* at 1180. In such analysis, courts consider some "nonexclusive" factors like, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014).

Here, Plaintiff contends that this case is "exceptional" for three discrete reasons. First, Defendants' substantive position has been objectively unreasonable, raising facially deficient counterclaims without supporting evidence. Second, Defendants litigated this case in an unreasonable manner, apparent from the record of deficient discovery, timeliness failures, and violations of court orders. Third, the undisputed factual record indicates Memmer's motivation to deliberately misappropriate the Asserted Marks, and applying the Lanham Act's fee-shifting provision is necessary to discourage such "exceptional" conduct. Based on the above findings and conclusions, along with those listed in the MSJ Order, and the lack of opposition to the current Motion, the Court finds that this case is "exceptional." *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (holding that while the term "exceptional" is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as deliberate, or willful).

Accordingly, since this case is deemed "exceptional," Plaintiff may timely move for its attorneys' fees pursuant to Local Rule 54-7.

---

[3] While Plaintiff notes that the profits were "inadequately documented," it fails to demonstrate how the profits award of Defendants' gross revenue is inadequate. (*See* Mot. at 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03167-RGK-AS | | Date | August 4, 2026 |
|---|---|---|---|---|
| Title | *Blue Chip Machining, Inc. v. Scott Memmer et al* | | | |

### C.    Further Injunctive Relief

In the MSJ Order, the Court issued permanent injunctive relief, finding that all four *eBay Inc. v. MercExchange* factors supported such an award. 547 U.S. 388, 391 (2006); (MSJ Order at 11–12.) This analysis and ordered relief are incorporated by reference here.

Presently, Plaintiff requests the Court revise the permanent injunction with additional terms specifying that Defendants must remove references to the Accused Products on the Website. More specifically, Plaintiff contends the Court should order Defendants to (1) remove from the Website all listing, images, descriptions, and references to polyimide guitar picks bearing or depicting the Brown Mark, the Brown-Gold Mark, or any colorable imitation thereof; (2) remove any and all comparative advertising referencing Plaintiff or its products that creates a false impression of affiliation or endorsement; and (3) file with the Court and serve on Plaintiff a declaration under penalty of perjury confirming compliance with this directive. Plaintiff argues these terms are necessary given that Defendants continue to market and sell the Accused Products on the Website despite the issued permanent injunction.

Federal Rule of Civil Procedure 65(d) "requires that any injunction or restraining order be 'specific in terms' and describe in reasonable detail . . . the act or acts sought to be restrained." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1132 (9th Cir. 2006) (quoting Fed. R. Civ. P. 65(d)). "If an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt." *Id.*; *Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996). Here, the Court has already found that the *eBay* factors favor permanent injunctive relief and Plaintiff has articulated harm from continued infringement that the additional terms are tailored to alleviate. Since Defendants fail to oppose and the additional terms appear to be narrowly tailored to the continued infringement, the Court **GRANTS** Plaintiff's request for the permanent injunction. The terms of the injunction are set forth in the Conclusion below.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Judgment. The Court **AWARDS** Plaintiff Defendants' lost profits in the amount of $227,530 but declines to apply any enhancement. The Court also finds that this case is "exceptional," and thus Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

Further, in addition to the permanent injunction terms ordered in the MSJ Order, which are incorporated by reference here, the Court finds further permanent injunctive relief is warranted. The Court thereby **ORDERS**:

Defendants are **further ORDERED** to:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-03167-RGK-AS | | Date | August 4, 2026 |
|---|---|---|---|---|
| Title | *Blue Chip Machining, Inc. v. Scott Memmer et al* | | | |

a.   Remove from www.charmedlifepicks.com all listings, images, descriptions, and references to polyimide guitar picks bearing or depicting the Brown Mark, the Brown-Gold Mark, or any colorable imitation thereof;

b.   Remove any and all comparative advertising referencing Plaintiff or its products that creates a false impression of affiliation or endorsement; and

c.   File with the Court and serve on Plaintiff a declaration under penalty of perjury confirming compliance with this directive within **thirty (30) days** from the issuance of this Order.

Finally, the Court shall postpone entering final judgment consistent with this Order and the MSJ Order until the issue of default as to Charmed Life has been resolved by either entry of default judgment or dismissal of the defaulting party. Plaintiff shall file a motion for default judgment, to set aside default, or to dismiss Charmed Life within **ten (10) days** of issuance of this Order.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                    JRE/gz