Colin W. Fraser (SBN CA 266867)
frasercw@gtlaw.com
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Tel: 949.732.6500

Bethany Rabe (SBN CA 270682)
rabeb@gtlaw.com
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Tel: 702.792.3773

Jacob G. Horton (*Pro Hac Vice*)
jhorton@blanchard-patent.com
BLANCHARD HORTON, PLLC
40 New York Avenue
Post Office Box 567
Oak Ridge, Tennessee 37831
Tel: 865.369.2673

Attorneys for Plaintiff
BLUE CHIP MACHINING, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE CHIP MACHINING, INC., a Tennessee Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>SCOTT MEMMER d/b/a CHARMED LIFE PICKS, a California Individual and Sole Proprietorship, CHARMED LIFE GUITAR PICKS & ACCESSORIES, INC.,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:25-cv-03167-RGK (ASx)<br><br>Assigned to Hon. R. Gary Klausner<br>Mag. Judge: Alka Sagar<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: September 14, 2026<br>Time: 9:00 a.m.<br>Crt. Rm: 850<br><br>Complaint Filed: April 10, 2025 |

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................5

II.     FACTUAL BACKGROUND.................................................................................5

        A.      Blue Chip and Its Asserted Marks...........................................................5

        B.      Defendants' Deliberate Infringement.......................................................5

        C.      Proceedings in This Action .....................................................................6

III.    THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST
        CHARMED LIFE. ..................................................................................................7

        A.      This Court has Jurisdiction Over the Action and the Defendant. ....................7

        B.      This Court Should Enter Default Judgment Against Charmed Life. ..............8

                1.      Factor 1: The Possibility of Prejudice to Blue Chip ..............................8

                2.      Factors 2 and 3: The Merits of Blue Chip's Substantive Claims
                        and the Sufficiency of the Complaint ........................................................9

                3.      Factors 4 and 7: The Sum of Money at Stake in the Action and
                        Policy Considerations in Favor of the Merits ...................................... 10

                4.      Factor 5: The Possibility of a Dispute Concerning Material Facts...... 10

                5.      Factor 6: Whether the Default was Due to Excusable Neglect ........... 10

        C.      Upon Entry of Default Judgment Against Charmed Life, This Court
                Should Enter Final Judgment in the Case. ...................................................... 11

IV.     CONCLUSION....................................................................................................... 11

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amazon Content Services LLC v. DeBarr*,
   793 F. Supp. 3d 1242 (C.D. Cal. 2025) ....................................................................... 9, 10

*Blumenthal Distrib., Inc. v. Comoch Inc.*,
   652 F. Supp. 3d 1117 (C.D. Cal. 2023) ....................................................................... 7, 11

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ................................................................................. 8, 9, 11

*PepsiCo, Inc. v. Cal. Sec. Cans*,
   238 F. Supp. 2d 1172 (C.D. Cal. 2002) ....................................................................... 8, 10

**Other Authorities**

Fed. R. Civ. P. 1 ....................................................................................................................... 8

Fed. R. Civ. P. 55 ..................................................................................................................... 7

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on September 14, 2026, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 850 of the above-entitled court, located at 255 East Temple Street, Los Angeles, California, 90012, Plaintiff Blue Chip Machining, Inc. ("Blue Chip") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 55, Local Rule 55-1, and this Court's Order dated August 4, 2026 (ECF 140) for:

1. Entry of default judgment against Charmed Life Guitar Picks & Accessories, Inc. ("Charmed Life").

2. Entry of judgment against Charmed Life granting permanent injunctive relief, joint and several liability for monetary damages in the amount of $227,530, and determination that this case is "exceptional," all consistent with this Court's Order in ECF 140.

3. Entry of final judgment against both Defendants in this matter.

This motion is made following a conference of counsel pursuant to L.R. 7-3, which took place on August 6, 2026. (See Declaration of Jacob G. Horton ¶ 3.)

This motion is based upon this Notice, as well as the pleadings, papers, and orders on file herein, including this Court's August 4, 2026 Order on Plaintiff's Motion for Judgment (ECF 140) and the Court's April 9, 2026 Order (ECF 122) granting summary judgment to Plaintiff, as well as the Memorandum of Points and Authorities set forth below, the declaration of counsel filed concurrently herewith, and any oral argument the Court may choose to entertain.

DATED: August 14, 2026                    GREENBERG TRAURIG, LLP


                                          By */s/ Colin W. Fraser*
                                          Colin W. Fraser
                                          Bethany Rabe

                                          Attorneys for Plaintiff
                                          BLUE CHIP MACHINING, INC.

## I.   <u>INTRODUCTION</u>

This matter was a trademark infringement action arising from Defendants' unauthorized use of Plaintiff's distinctive Brown and Brown-Gold color trade dress on polyimide guitar picks. On April 9, 2026, this Court granted summary judgment as to liability in favor of Plaintiff on all four of Plaintiff's affirmative claims and on all nine of Defendant Scott Memmer's counterclaims. ECF 122, Order Granting Summary Judgment. Thereafter, upon Blue Chip's motion, this Court awarded Blue Chip lost profit damages, granted permanent injunctive relief, and declared the case "exceptional" for the purpose of moving for attorneys' fees following final judgment. ECF 140, Order Granting Motion for Judgment. However, this Court postponed the entry of final judgment in this matter pending resolution of the issue of the status of the defendant in default, Charmed Life Guitar Picks & Accessories Inc. ("Charmed Life"). Pursuant to the Court's order, Blue Chip now moves for default judgment against Charmed Life.

## II.   <u>FACTUAL BACKGROUND</u>

### A.   **Blue Chip and Its Asserted Marks**

Plaintiff Blue Chip manufactures and sells premium guitar picks made from DuPont Vespel® and Meldin® polyimide material. ECF 122, at 2. Since at least March 17, 2008, Blue Chip has continuously used a distinctive brown color (the "Brown Mark," U.S. Trademark Registration No. 5,998,854) and a brown body with gold lettering (the "Brown-Gold Mark," U.S. Trademark Registration No. 6,009,888) in connection with its guitar picks (collectively, the "Asserted Marks"). *Id.*

Since 2008, Blue Chip has generated more than $10 million in gross sales. ECF 122, at 2. In that time, Blue Chip's marks have developed significant strength and consumer recognition, as evidenced by the fact that Blue Chip customers have gone so far as to make cakes and Halloween costumes depicting the Asserted Marks. *Id.*

### B.   **Defendants' Deliberate Infringement**

In 2016, Memmer became aware of Blue Chip's distinctive brown polyimide guitar picks and deliberately began manufacturing "knockoff" versions. ECF 122, at 2. Memmer

publicly posted on online guitar forums that he was making knockoffs, noting that "people will only buy [the picks] made from this one very identifiably [sic] one material." *Id*. Defendants have manufactured, sold, offered for sale, and marketed infringing polyimide guitar picks (the "Accused Products") online and throughout the United States. *Id*. The Accused Products contain brown coloration substantially similar to or the same as the Brown Mark, and some incorporate a brown body with contrasting lighter-colored lettering substantially similar to or the same as the Brown-Gold Mark. *Id*. at 2-3.

Defendants intended to manufacture guitar picks in the same color as Blue Chip's guitar picks. *Id*., at 3. Memmer directly admitted that consumer confusion is likely to occur (1) in the consuming public between the parties' guitar picks, (2) regarding the source of the parties' guitar picks, and (3) as to whether Plaintiff and Defendants are affiliated or associated with one another. ECF 95-12, RFAs 25-28 (deemed admitted by Defendant Memmer).

### C.    Proceedings in This Action

Blue Chip filed this action on April 10, 2025. ECF 1, Complaint. Memmer filed a pro se answer and ten counterclaims on July 25, 2025. ECF 24, Answer and Counterclaims. The parties stipulated to Blue Chip filing a Second Amended Complaint on January 16, 2026, adding as a defendant Memmer's newly-created entity, Charmed Life Guitar Picks & Accessories, Inc. ECF 64, Second Amended Complaint. Charmed Life failed to appear and defend, and its default was entered on February 18, 2026. ECF 89, Clerk's Entry of Default.

This Court granted summary judgment on March 6, 2026 on all affirmative claims against Defendants and all counterclaims, entered a broad permanent injunction, and ordered Defendants to serve an accounting of profits, with supporting documentation, within thirty days. ECF 122 at 11-12. Once received, the Court ordered Plaintiff to file a motion for entry of judgment based on Defendants' accounting. *Id*. Blue Chip did so. ECF 130, Motion for Entry of Judgment.

The Court construed the motion for entry of judgment as a motion for partial

summary judgment on the issue of damages. ECF 140, at 2. The Court granted the motion, awarding Blue Chip Defendants' profits in the amount of $227,530, ordering further permanent injunctive relief, and holding that the case is "exceptional," warranting attorneys' fees.[1] *Id*., at 6. However, the Court postponed the entry of final judgment "until the issue of default as to Charmed Life has been resolved by either entry of default judgment or dismissal of the defaulting party." *Id*. at 7. The Court ordered Blue Chip to file a motion for default judgment, to set aside default, or to dismiss Charmed Life within ten days of the order. *Id*. In compliance with the Court's instructions, Blue Chip hereby files its motion for default judgment against Charmed Life.

## III.   THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST CHARMED LIFE.

This Court should enter default judgment against Charmed Life. Federal Rule of Civil Procedure 55(b) provides that a party may seek default judgment after the clerk has entered default against a defendant. *See* Fed. R. Civ. P. 55. Here, this Court entered default in February 2026. ECF 89. Further, Blue Chip has complied with the Local Rules by including a declaration including the information required by Local Rule 55-1. Therefore, this matter is procedurally ripe for default judgment.

### A.   This Court has Jurisdiction Over the Action and the Defendant.

In evaluating a motion for default judgment, a court should first consider whether it has subject matter jurisdiction, personal jurisdiction, and whether proper service has occurred. *See Blumenthal Distrib., Inc. v. Comoch Inc*., 652 F. Supp. 3d 1117, 1126 (C.D. Cal. 2023).

Here, the Court has subject matter jurisdiction because the operative complaint contains causes of action based on a federal statute. *See* ECF 64. This Court has supplemental jurisdiction over the state-law causes of action pursuant to 28 U.S.C. §1367(a). There are no issues as to personal jurisdiction or service, as Charmed Life's

---

[1] Blue Chip will timely move for its attorneys' fees upon entry of final judgment.

principal stipulated to the amendment to add Charmed Life to the litigation via the Second Amended Complaint and was thereafter served with the same. ECF 60 (stipulation); ECF 71 (proof of service). Memmer has never contested that service was effectuated upon Charmed Life in this matter.

### B.      This Court Should Enter Default Judgment Against Charmed Life.

A court determining whether default judgment is appropriate will typically evaluate the *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As an evaluation of these factors weighs in favor of Blue Chip, this Court should enter default judgment and close the case.

### 1.      Factor 1: The Possibility of Prejudice to Blue Chip

Blue Chip will be prejudiced if default judgment is not entered. Without default judgment, a plaintiff has no recourse for recovery or resolution of the matter when a defendant will not defend. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Public policy favors the timely resolution of matters before the courts. *See, e.g.*, Fed. R. Civ. P. 1 (the rules should be administered to "secure the just, speedy, and inexpensive determination of every action").

While Blue Chip has obtained judgment against individual Defendant Memmer on all claims, without a judgment against Memmer's entity, Charmed Life, the case cannot be completed, as a final judgment cannot be entered. *See* ECF 140, at 7. Further, if only Memmer were subject to the judgment, Memmer could claim that all profits from the time of incorporation are not covered by the judgment. It would be an unfair result for Blue Chip if it could not reach post-incorporation profits simply because the entity has chosen not to defend itself in litigation.

## 2. Factors 2 and 3: The Merits of Blue Chip's Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors speak to whether the plaintiff has stated a meritorious claim, i.e., the likelihood of success on the merits. *Amazon Content Services LLC v. DeBarr*, 793 F. Supp. 3d 1242, 1251 (C.D. Cal. 2025). The court must accept as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. *Id*.

Here, the evaluation of these factors is made easier by the fact that this Court has already granted judgment on the merits on identical claims based on the same facts, against both Defendants. Namely, the Court engaged in factfinding in granting summary judgment as to liability and partial summary judgment as to damages based on the Second Amended Complaint. *See* ECF 122, 140. Further, the Second Amended Complaint's allegations are taken as true, which include allegations that "as of January 1, 2026, and possibly as early as November 13, 2025, all business conducted by Defendant Scott Memmer is being conducted through, and is therefore attributable to, Defendant Charmed Life Guitar Picks & Accessories, Inc." ECF 64, at ¶ 7. Further, in his own answer, Memmer stated that "Charmed Life Picks & Accessories, Inc. was incorporated in November 2025 ***to run the business formerly run as a sole proprietorship***…" ECF 85, at ¶ 28 (emphasis added). Moreover, Defendant Memmer has treated his guitar pick business as one continuing concern, whether operated as a sole proprietorship or as the incorporated entity Charmed Life. *See, e.g.*, ECF 130, Ex. 126-1 (Financial Accounting Report prepared by Mr. Memmer on behalf of "Charmed Life Guitar Picks & Accessories" and signed as "Owner/President/Records Custodian").

Because this Court has already determined that Blue Chip's identical claims in its Second Amended Complaint against Memmer are meritorious, and because the allegations in the Second Amended Complaint that Memmer's business is now conducted through Charmed Life are taken as true, there is no question that these factors are met.

This factor weighs in favor of default judgment against Charmed Life.

### 3.    Factors 4 and 7: The Sum of Money at Stake in the Action and Policy Considerations in Favor of the Merits

The fourth factor examines the money at stake in the action as compared to the seriousness of the conduct; if proportionate, default judgment is warranted. *PepsiCo*, 238 F. Supp. 2d at 1176. Here, Blue Chip has already proven up its damages in its motion for judgment. ECF 130. As a result, Blue Chip was awarded $227,530. ECF 140. The analysis is the same for the corporate entity, which simply took over the operations of the sole proprietorship as a successor-in-interest. The sum of money at stake is not disproportionate to the wrongdoing; as laid out in the motion for judgment (ECF 130), Memmer intentionally made "knockoff" versions of Plaintiff's products, and the damages award simply represents Defendants' profits as calculated under the appropriate standard. ECF No. 140, at 2, 5.

Likewise, the seventh factor regarding resolving disputes on the merits weighs against default judgment in the sense that cases should be decided on the merits whenever reasonably possible, but does not prevent default judgment from being entered. *See Amazon*, 793 F. Supp. 3d 1242, 1255. And again, however, the merits have been fully evaluated here.

### 4.    Factor 5: The Possibility of a Dispute Concerning Material Facts

Once a default is entered, there is no possibility of a dispute concerning the material facts, as "the allegations in the complaint are deemed admitted and taken as true" other than as to damages. *PepsiCo,* 238 F. Supp. 2d at 1177; *see also Amazon*, 793 F. Supp. 3d 1242, 1254–55 (C.D. Cal. 2025). When a complaint is well-pleaded, a dispute concerning material facts is unlikely. *Amazon*, 793 F. Supp. 3d 1242, 1255. Further, as noted above, this Court has already entered summary judgment as to Defendants' liability and damages, precluding factual disputes as to those matters. *See* ECF 122, 140. This factor favors the entry of default judgment against Charmed Life.

### 5.    Factor 6: Whether the Default was Due to Excusable Neglect

The sixth factor is whether the default is due to excusable neglect. *PepsiCo*, 238 F. Supp. 2d at 1177. Where a defendant is properly served with the complaint, the notice of default, and the papers in support of default judgment, default cannot be attributed to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

excusable neglect. *See Blumenthal*, 652 F. Supp. 3d 1117, 1131. This is especially so when similarly situated or related defendants have participated in the litigation. *See generally id*.

Here, there is no question that Charmed Life knew about the lawsuit against it, as its principal was already participating in the lawsuit and defended the same. Charmed Life simply chose not to obtain counsel and chose not to respond to the Second Amended Complaint. Charmed Life's default was not due to excusable neglect.

Because the *Eitel* factors weigh in favor of default judgment here, this Court should enter default judgment in Blue Chip's favor against Charmed Life.

**C.** **Upon Entry of Default Judgment Against Charmed Life, This Court Should Enter Final Judgment in the Case.**

Upon entry of default judgment against Charmed Life, this Court should enter final judgment in the case pursuant to the August 4, 2026 Order, ECF 140. As noted above, the defaulted entity Charmed Life Guitar Picks & Accessories, Inc. is simply the successor-in-interest to the sole proprietorship known as Charmed Life Picks. As such, this Court should enter final judgment ordering (1) permanent injunctive relief as laid out in ECF 140; and (2) money damages in the amount of $227,530 as laid out in ECF 140. Upon entry of judgment, Blue Chip will timely move for its fees pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54-7.

## IV.   CONCLUSION

In light of the foregoing, Blue Chip respectfully requests that this Court enter default judgment against Charmed Life and enter final judgment in this case.


DATED: August 14, 2026                GREENBERG TRAURIG, LLP



                                       By */s/ Colin W. Fraser*
                                       Colin W. Fraser
                                       Bethany Rabe

                                       Attorneys for Plaintiff
                                       BLUE CHIP MACHINING, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Blue Chip Machining, Inc., certifies that this brief contains 2,322 words, which complies with the word limit of Local Rule 11-6.1 and the Standing Order.

DATED: August 14, 2026            GREENBERG TRAURIG, LLP


By */s/ Colin W. Fraser*
Colin W. Fraser
Bethany Rabe

Attorneys for Plaintiff
BLUE CHIP MACHINING, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT